IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | | |
|---|---|---|
| TIM CALDWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-2242-STA-egb |
| | ) | |
| BUILDING PLASTICS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

_____

ORDER DENYING MOTION TO STRIKE
_____

Before the Court is Plaintiff Tim Caldwell's Motion to Strike (D.E. # 31) filed on July 31, 2008. Defendant filed a response in opposition to Plaintiff's Motion. For the reasons set forth below, the Motion is **DENIED**.

### BACKGROUND

This case involves Plaintiff's claims under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2611 *et. seq.*, the Tennessee Public Protection Act ("TPPA"), Tenn. Code Ann. § 50-1-304(a), as well as a claim for retaliatory discharge under Tennessee state law. Plaintiff filed the instant Motion while Defendant's motion for summary judgment was pending. Plaintiff asks the Court to strike any reference to Guy Helmers, a former BPI employee proffered by Defendant as a similarly-situated, comparator employee. Plaintiff argues that Helmers was not properly disclosed pursuant to Rule 26 in Defendant's initial disclosures, either as a person with knowledge of Plaintiff's claims or in documents produced with Defendant's disclosures. For that reason, Plaintiff asks the Court to strike any reference to Helmers in the Court's

1

consideration of Defendant's motion for summary judgment or at trial.

Defendant responds that it did properly disclose Helmers in January 2008 by listing him among similarly situated BPI employees who had had bonuses reduced.  Furthermore, Defendant argues that it had no duty to disclose Helmers under Rule 26 because Helmers has no knowledge of Plaintiff's claims and Defendant had no intention of calling Helmers as a witness.

### ANALYSIS

The Court entered an Order Denying Defendant's Motion for Summary Judgment on August 26, 2009.  In so far as Plaintiff's Motion asks the Court to disregard the Helmers evidence in considering Defendant's motion for summary judgment, the Motion is now moot.

Plaintiff has also moved to exclude any evidence about Helmers from being offered at trial.  The Court finds the Motion moot for the following reasons.  First, Defendant asserts that it provided information about Helmers and his bonuses to Plaintiff in January 2008.  More importantly, since the filing of Plaintiff's Motion to Strike, the Court has ordered Defendant to provide the employment files of other BPI employees including Helmers to Plaintiff.[1]  Of course, the Court recognizes that Plaintiff may still argue in a pretrial motion in limine that evidence about Helmers should be excluded.  With respect to excluding evidence about Helmers at trial, the Motion to Strike is denied without prejudice.

Therefore, the Motion is **DENIED**.

---

[1] Order Granting in Part, Denying in Part Plaintiff's Objections to the Magistrate Judge's Order, Mar. 2, 2009.

**IT IS SO ORDERED.**

                                        **s/ S. Thomas Anderson**
                                        S. THOMAS ANDERSON
                                        UNITED STATES DISTRICT JUDGE

                                        Date: September 4th, 2009.